CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney
Chief, Civil Division

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: 415-436-7200
Facsimile: 415-436-6748
pamela.johann @usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD BARTLOW,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>DOUGLAS A. COLLINS, Secretary,<br>Department of Veteran Affairs,<br><br>　　　Defendant. | Case No. 26-cv-3124-SI<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT DOUGLAS COLLINS TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:　　　July 31, 2026<br>Time:　　　10:00 a.m.<br>Location:　Courtroom 1, 17th Floor<br><br>The Honorable Susan Illston |

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
No. 26-cv-3124-SI

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that, on July 21, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Susan Illston, in Courtroom 1, 17th Floor, of the United States Courthouse for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Douglas A. Collins, Secretary, Department of Homeland Security, will and hereby does move this Court for an order dismissing Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant's motion is based on this notice; the accompanying memorandum of points and authorities; the Request for Judicial Notice and Declaration of Pamela T. Johann filed herewith; all pleadings and papers on file in this matter; any other matters incorporated by reference or of which the Court takes judicial notice; and any such oral argument the Court may hear.

**RELIEF SOUGHT**

Defendant seeks an order from the Court dismissing Plaintiff's complaint without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.   INTRODUCTION

Plaintiff Richard Bartlow claims that the Department of Veterans Affairs ("VA") discriminated and retaliated against him when it removed him from his position as a housekeeper in April 2025.  His right to pursue these theories in federal court depends on the adequate and timely exhaustion of the administrative remedies applicable to his claims, yet those administrative remedies remain unexhausted: three days before filing this lawsuit, Plaintiff elected to pursue his discrimination and retaliation claims before the Merit Systems Protection Board ("MSPB"), where this mixed case appeal remains pending. Having chosen to proceed before the MSPB, Plaintiff must now wait for that administrative proceeding to conclude before presenting his claims to this Court.  Because Plaintiff has not fully exhausted his administrative remedies, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint.

## II.   ISSUES TO BE DECIDED

1.   Whether Plaintiff's Complaint should be dismissed for failure to exhaust administrative remedies because he filed an appeal with the MSPB three days before filing this Complaint in federal court, and the MSPB appeal remains pending;

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
No. 26-cv-3124-SI                                          1

2.       Whether Plaintiff's Complaint should be dismissed for failure to comply with Federal Rule of Civil Procedure 8(a) and/or 10(b).

### III.      BACKGROUND[1]

#### A.       Factual Background

Plaintiff was employed by the VA, serving as a housekeeper at the VA's Martinez VA Medical Center ("VAMC") until he was removed from federal service, effective April 7, 2025, following charges of Absent Without Leave ("AWOL") and Failure to Follow Leave Procedures.  Dkt. No. 1 (Complaint) at 6, 10-11.  As reflected in the Final Agency Decision attached to the Complaint, the VA reported that Plaintiff did not show up to work for approximately two years from January 2023 to January 2025, and did not request leave for any of that period of absence.  *Id.* at 11.  Plaintiff claims that his removal was "procedurally and substantively flawed," *id.* at 6, because it was based on inaccurate medical evidence, which was used as "a pretext for removal."  *Id.*  In addition, as a veteran with a "70% service-connected PTSD rating," Plaintiff alleges that he was able to perform "light duty" or "sedentary" work but was not medically fit for "the strenuous physical requirements of his assigned housekeeping role," *id.* at 6, and the VA's denial of a suitable assignment constituted a failure to accommodate and disparate treatment.  *Id.*  Finally, Plaintiff alleges that his removal was retaliation for his "extensive protected EEO activity between 2021 and 2024."  *Id.*

#### B.       Plaintiff's Administrative Proceedings

Plaintiff filed an administrative charge with his Equal Employment Opportunity ("EEO") counselor on June 9, 2025, and he received a right to sue letter on March 13, 2026.  *Id.* at 5.  Although no other administrative charge or complaint is identified, Plaintiff also alleges that he "seeks to reopen and consolidate all prior related EEO claims within this civil action as part of a continuous pattern of discrimination and harassment."  *Id.*  It is not clear when those other purported EEO claims were filed or adjudicated, or what claims of discrimination they are alleged to encompass. Plaintiff does not allege that he notified the EEOC of his intent to file an age discrimination case.

---

[1] Plaintiffs' non-conclusory factual allegations are accepted as true solely for the purposes of this motion, unless otherwise noted.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiff's June 9, 2025 EEO complaint raised a "mixed-case" claim involving a personnel action (Plaintiff's removal) that is appealable to the MSPB and alleged to be attributable, in whole or part, to discrimination or retaliation. *Id.* at 9–10; *see* Declaration of Pamela T. Johann ("Johann Decl.") ¶ 2 & Ex. A. Plaintiff's claim, which asserted that he was discriminated against on the basis of race, color, religion, sex, age, disability, and reprisal in connection with his removal in April 2025, was investigated by the VA's Office of Resolution Management, and thereafter referred to the Office of Employment Discrimination Complaint Adjudication ("OEDCA") for a Final Agency Decision ("FAD"). *Id.* at 9-10. The FAD, issued on March 13, 2026, concluded that there was "no discrimination in this case." *Id.* at 9–17. OEDCA found that Plaintiff failed to establish a prima facie case of discrimination because the record did not show that the VA treated Plaintiff differently than anyone outside of his protected classes, and additionally that Plaintiff failed to provide any evidence to dispute the VA's legitimate, non-discriminatory explanation for his removal. *Id.* at 13-14. Similarly, it concluded that Plaintiff had not established a prima facie case of retaliation because there was no evidence that the officials involved in the removal decision were aware of Plaintiff's protected activity. *Id.* at 13.

In a separate section following the substantive decision, the FAD laid out Plaintiff's appeal options for this "Mixed Case" Complaint. *Id* at 15. It explained:

> This Final Agency Decision may be appealed as follows: (a) to the Merit Systems Protection Board (MSPB) (not the EEOC) within <u>30</u> calendar days of receipt of this decision and, in connection with that Appeal, a hearing may be requested or (b) as a civil action complaint filed in an appropriate U.S. District Court within <u>30</u> calendar days of receipt of this decision.

*Id.* at 15 (emphasis in original).

On April 10, 2026, Plaintiff filed a timely mixed case appeal with the MSPB, Appeal No. SF-0752-26-0378-I-1 ("MSPB Appeal"). Johann Decl. ¶ 3 & Ex. B. In the MSPB Appeal, Plaintiff alleged that the removal was based on "fraudulent medical records," which he claims the VA relied on to evade its "duty to provide reasonable accommodations," and was reprisal for his prior EEO activities. *Id.* Ex. B at 2. Plaintiff also asserted disability discrimination and retaliation, and age and sex discrimination as affirmative defenses. *Id.* ¶ 4 & Ex. C at 3. The MSPB Appeal remains pending. *Id.* ¶ 5 & Ex. D.

The Complaint in this case was filed three days later, on April 13, 2026. Dkt. No. 1. The Complaint arises out of the same conduct and cites the same right-to-sue letter that is the basis for the

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
No. 26-cv-3124-SI                                                3

MSPB Appeal.  Dkt. No. 1 at 5.

## IV.    LEGAL STANDARDS

**Rule 12(b)(6)**.  A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). To survive a motion to dismiss for failure to state a claim:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). A district court is not required to accept conclusory allegations or unwarranted factual deductions as true.  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F2d 696, 699 (9th Cir. 1988).  In short, "[d]ismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of facts to support its claims." *Adams*, 355 F.3d at 1183.

**Rule 8.**  Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "'Although *pro se* pleadings are liberally construed ... a *pro se* plaintiff must still satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a).'" *Wingate v. United States Postal Serv.*, 12-cv-05560-LB, 2013 WL 3829272, at *8 (N.D. Cal. July 23, 2013) (citations omitted).  A complaint that does not comply with Rule 8(a) may be dismissed under Federal Rule of Civil Procedure.  *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981); *Gottschalk v City and County of San Francisco*, 964 F. Supp. 2d 1147, 1160 (N.D. Cal. 2013).  "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit."  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

## V.    ARGUMENT

### A.    Plaintiff's Complaint Should Be Dismissed For Failure To Exhaust His Administrative Remedies.

#### 1.    Exhaustion Of Administrative Remedies Is A Prerequisite To Filing An Employment Discrimination Action In Federal Court.

A federal employee seeking to vindicate his rights under federal antidiscrimination statutes must first exhaust his or her administrative remedies.  *See Brown v. General Serv. Administration*, 425 U.S. 820, 832-33 (1976); *Blackman-Baham v. Kelley*, No. 16-cv-03487, 2017 WL 679514 at *12 (N.D. Cal. 2017); *Sommatino v. United States,* 255 F.3d 704, 707–708 (9th Cir.2001); *Sloan v. West,* 140 F.3d 1255, 1259 (9th Cir.1998).  Depending on the nature of the claim, the type of adverse employment action, and the claimant's election of remedies, the required path for administrative exhaustion will vary, but a claimant's right to proceed in federal court must follow one of the prescribed paths and generally cannot be exercised while administrative claims remain pending.

As a general matter, a federal employee seeking to pursue an individual complaint under Title VII must initially participate in the EEO process by filing a claim with his or her agency as a statutory precondition to suit, and must adhere to the strict filing deadlines of that administrative scheme.[2] *Sommatino*, 255 F.3d at 707–708; *Vinieratos v. Dep't of the Air Force*, 939 F.2d 762, 767-68 (9th Cir. 1991).  A plaintiff seeking relief under the Rehabilitation Act must follow the same administrative exhaustion requirements.  *Vinieratos*, 939 F.2d at 773; *Leorna v. U.S. Dep't of State*, 105 F.3d 548, 550–51 (9th Cir. 1997).

---

[2] The Ninth Circuit has long held that "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency is a jurisdictional prerequisite." *Sommatino*, 255 F.3d at 708 (emphasis in original).  The Supreme Court recently addressed the charge-filing requirement in Title VII cases in *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843 (2019), finding them mandatory but not jurisdictional.  That case involved provisions of Title VII—§§ 2000e-5(e)(1) and (f)(1)—that do not apply to employment discrimination claims against the government by federal employees.  A different provision of Title VII, 42 U.S.C. § 2000e-16, applies to discrimination claims brought by federal employees, *Fort Bend County*, 139 S. Ct. at 1847 n.1, and mixed case appeals to the MSPB are governed by an entirely different statutory scheme.  *See Punch v. Bidenstine*, 945 F.3d 322, 330 n.5 (5th Cir. 2019).  It is the government's position that *Sommatino* remains good law after *Fort Bend County* and that a federal employee's failure to comply with the presentment requirement is appropriately analyzed under Rule 12(b)(1).  Defendant acknowledges that some district courts have applied *Fort Bend County* to Title VII actions involving federal employees, *see Williams v. Wolf*, No. 19-cv-00652-JCS, 2019 WL 6311381, at *6 (N.D. Cal. Nov. 25, 2019), and this motion is therefore brought pursuant to Rule 12(b)(6) rather than Rule 12(b)(1).  Even if non-jurisdictional, the exhaustion requirement "nevertheless remains a 'mandatory' 'processing rule.'" *Williams*, 2019 WL 6311381, at *6.

Different administrative exhaustion options are available for certain claimants bringing "mixed case" claims. Pursuant to the Civil Service Reform Act of 1978, 5 U.S.C. § 1201 *et seq.* ("CSRA"), claims relating to certain serious adverse personnel actions can be appealed by a federal employee to the Merit Service Protection Board, a "quasi-judicial Government agency" created to "adjudicate Federal employee appeals of agency personnel actions." *Sloan*, 140 F.3d at 1258-59. The MSPB's jurisdiction is limited to claims involving statutorily defined major adverse actions, including removals. *See* 5 U.S.C. § 7512; *Sloan*, 140 F.3d at 1259. When an employee alleges that he suffered an adverse employment action subject to MSPB jurisdiction that is also alleged to have been based on discrimination, he may pursue what is known as a "mixed case." *See Kloeckner v. Solis*, 568 U.S. 41, 44 (2012); *Sloan*, 140 F.3d at 1259; 29 C.F.R. § 1614.302(a).

A federal employee "seeking to file a 'mixed case complaint' may follow one of many possible administrative routes." *Sloan*, 140 F.3d at 1259. He may file a "mixed case complaint" with the agency's EEO office, or he may bypass the EEO procedure and file a "mixed case appeal" directly to the MSPB. *Id.* at 1259–60; 29 C.F.R. § 1614.302(b). Once the employee elects either the EEO or the MSPB procedure, that election is irrevocable, and he must remain on that path through the conclusion of the administrative process to exhaust his claim. *See* 29 C.F.R. 1614.302(b); *Vinieratos*, 939 F.2d at 774; *McAdams v. Reno*, 64 F.3d 1137, 1142 n.4 (8th Cir. 1995).

If the employee chooses to file a mixed case complaint with the EEO, as Plaintiff did here, he has another opportunity to choose between two options following the Final Agency Decision: he may file a mixed case appeal with the MSPB, or he may choose to bring a civil discrimination action in federal district court. 29 C.F.R. §§ 1614.302(d)(1)(ii), 1614.302(d)(3), 1614.310(a). He may not do both, however; a federal employee's right to file a civil action following a final agency decision is cut off when he files an MSPB appeal. *See* 29 U.S.C. § 1614.310(a) (an individual with a mixed case claim may file a civil action "[w]ithin 30 days of receipt of a final decision issued by an agency on a complaint *unless an appeal is filed with the MSPB*" (emphasis added)); 5 U.S.C. § 7702(a)(2) (the final decision of an agency in a mixed case complaint "shall be a judicially reviewing action unless the employee appeals the matter to the [MSPB]"). If a claimant chooses to bring a mixed case appeal with the MSPB, he will have another opportunity to seek judicial review in federal district court following a final decision by the

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
No. 26-cv-3124-SI                                          6

MSPB.  5 U.S.C. § 7703(b), 5 C.F.R. § 1201.175, 29 C.F.R. § 1614.310(b).  Thus, while a federal employee has multiple off-ramps during the administrative process to seek judicial review, his entitlement to raise his claims in a civil action arises only at certain specific junctures, and requires strict adherence to the timing and procedures prescribed for his chosen route.

A federal employee seeking to pursue an age discrimination claim in federal court has two options: he may undertake the same administrative exhaustion process outlined above, or he can bypass that process and instead give notice to the EEOC of the alleged discriminatory act and his intent to sue the Agency.  *See Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008); *Culbert*, 2017 WL 8793223, at *8.  If proceeding with the bypass option, the employee must provide this notice within 180 days of the challenged action, 29 U.S.C. § 633a(d), and the EEOC must "promptly notify all persons named therein as prospective defendants in the action."  29 U.S.C. § 633a(d).  If the employee does not notify the EEOC of an intent to sue and instead opts to invoke the administrative claims process, he is subject to the same time limitations that are applicable in Title VII and Rehabilitation Act claims.  *See Whitman*, 541 F.3d at 932; *Merlo v. Wilkie*, No. 19-cv-05078, 2020 WL 5042776, at *5 (C.D. Cal. Aug. 25, 2020).  A failure to comply with these requirements is fatal to the employee's discrimination claims.  *Culbert*, 2017 WL 8793223, at *8; *Philbert v. Shulkin*, No. 17-cv-00929, 2017 WL 5185310, at *4  (C.D. Cal. Nov. 6, 2017).

### 2.    Plaintiff Has Failed To Exhaust His Administrative Remedies Because He Filed His MSPB Appeal First, And That Appeal Remains Pending.

Plaintiff's Complaint is not properly before the Court because following the Final Agency Decision in his case he filed an MSPB appeal, which cut off his right to file a civil action in federal court.  That MSPB appeal remains pending.  For both reasons, Plaintiff has failed to exhaust his administrative remedies, and this case must be dismissed.

Pursuant to the regulatory framework governing mixed cases, Plaintiff opted to submit his mixed case complaint to his agency's EEO office in the first instance.  29 C.F.R. § 1614.302(b); Dkt. No. 1 at 9.  On March 13, 2026, the agency issued a Final Agency Decision following its investigation of Plaintiff's claim.  Dkt. No. 1 at 9–17.  Plaintiff then had two options: within 30 days, he could either file a mixed case appeal with the MSPB, or he could file a civil action in federal district court.  Dkt. No. 1 at

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
No. 26-cv-3124-SI                                                  7

15–16; 29 C.F.R. § 1614.302(d)(3).  When he filed his MSPB appeal on April 10, 2026, he lost the right to bring a civil action in district court under the MSPB appeal was concluded.  29 U.S.C. § 1614.310(a). The administrative processing framework, therefore, did not allow for the filing of this Complaint three days later; once Plaintiff filed his MSPB appeal, the FAD was no longer a judicially reviewable decision.  5 U.S.C. § 7702(a)(2); *Toyama v. Leavitt*, No. 06-cv-00023, 2007 WL 3087195, at *3 (D. Haw. Oct. 23, 2007), *aff'd sub nom. Toyama v. Sebelius*, 329 F. App'x 175 (9th Cir. 2009).

Moreover, Plaintiff's MSPB appeal remains pending.  Having elected to file this appeal, Plaintiff was required to fully exhaust his MSPB remedies prior to filing a complaint in district court.  *See Rivera v. United States Postal Service*, 830 F.2d 1037, 1039 (9th Cir.1987) ("[O]nce a party appeals to a statutory agency, board or commission, the appeal must be 'exhausted.' . . . Impatience with the agency does not justify immediate resort to the courts."); *Vinieratos*, 939 F.2d at 772, 774; *Santos-Reyes v. Mukasey*, 308 F. App'x 100, 102 (9th Cir. 2009); *Golez v. Potter*, No. 09-cv-0965, 2011 WL 4914870, at *6 (S.D. Cal. Oct. 17, 2011); *Coffman v. Glickman*, 328 F.3d 619, 624 (10th Cir. 2003) ("A federal employee must exhaust his or her administrative remedies in order to obtain *de novo* review of unlawful discrimination claims by a district court," and this requirement "applies regardless of which administrative path the federal employee elects"—EEOC or MSPB).

Because Plaintiff's MSPB appeal remains pending, Plaintiff has not exhausted his administrative remedies regarding claims relating to his removal, and he is not entitled to seek review in federal court at this time.  *Toyama*, 2007 WL 3087195, at *3 ("because Plaintiff has elected to pursue the MSPB appeal, the Court must wait until she has exhausted her administrative remedies before entertaining any of her claims"); *Greenlaw v. Acosta*, No. 18-cv-04932-VKD, 2019 WL 2163000, at *4 (N.D. Cal. May 17, 2019), *aff'd in part, vacated in part*, No. 20-16514, 2023 WL 3055227 (9th Cir. Apr. 24, 2023) (federal employee had not exhausted administrative remedies and was not entitled to judicial review in district court, including for age discrimination claims, where MSPB appeal remained pending); *King v Barrett*, No. 18-cv-1792-JMC, 2020 WL 2750268, at *1 (D.S.C. Feb. 24, 2020), *R & R adopted*, 2020 WL 2745695 (D.S.C. May 27, 2020) (same); *Jha v. Shulkin*, No. 14-cv-9041, 2018 WL 6981029, at *1 (N.D. Ill. Dec. 14, 2018) (court dismissed plaintiff's claims related to her termination, which were pending before the MSPB, for failure to exhaust while proceeding to adjudicate claims of earlier

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
No. 26-cv-3124-SI                                        8

discrimination exhausted through the EEO process).  Plaintiff could have bypassed the MSPB and filed this lawsuit immediately in federal court, but having elected to pursue his mixed claim with the MSPB, he must now allow that process to play out before seeking judicial review.  Plaintiff will not lose his right to judicial review; he will have another opportunity to file an action in federal court following the MSPB's final decision.  *See Toyama*, 2007 WL 3087195, at *3.  This lawsuit, however, is premature and should be dismissed.  *Id.*

### B.    The Complaint Should Be Dismissed For Failure To Comply With Rules 8 and 10.

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose Rule 8(a) is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957)).  Plaintiff's complaint fails to do that.  The conclusory factual allegations contained in the "Supplemental Statement of Facts," Dkt. No. 1 at 6, "contain[] minimal facts indicating the basis for" any claims.  *Gottschalk v City and County of San Francisco*, 964 F. Supp. 2d 1147, 1158 (N.D. Cal. 2013).  For example, Plaintiff claims he was subjected to retaliation for "extensive protected EEO activity between 2021 and 2024" but does not provide any facts regarding this activity or that support a causal link between that activity and his removal.  *See Heyer v. Governing Bd. of Mt. Diablo Unified Sch. Dist.*, 521 Fed. App'x. 599, 601 (9th Cir. 2013).  Nor does he provide sufficient facts to state his entitlement to relief for disparate treatment or failure to accommodate under the Rehabilitation Act.  *See Klamut v. Cal. Highway Patrol*, No. 15-cv-02132-MEJ, 2015 WL 9024479, at *6 (N.D. Cal. Dec. 16, 2015); *Lacayo v. Donahoe*, No. 14-cv-04077-JSC, 2015 WL 993448, at *15 (N.D. Cal. Mar. 4, 2015).  Moreover, he does not separate his pleading into claims at all and thereby "fails to clearly distinguish between the various causes of action." *Gottschalk*, 964 F. Supp. 2d at 1157.  In short, the complaint is too incomplete to enable Defendants "to fully and properly respond or to proceed with to discovery."  *Powers v. AT&T*, No. 15-cv-01024-JSC, 2015 WL 5188714, *4 (N.D. Cal. Sept. 4, 2015).

The Complaint also fails to comply with the requirements of Federal Rule of Civil Procedure 10(b), which directs a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. Proc. 10(b).  The purpose of this rule "is to

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
No. 26-cv-3124-SI                                     9

'provide an easy mode of identification for referring to a particular paragraph in a prior pleading or for cross-referencing within a single pleading.'" *Sandler v. Capanna*, No. 92-cv-4838, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992) (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1323 at 735 (1990)).  Plaintiff's Complaint does not contain any numbered paragraphs.  This structural deficiency will render Defendants' "task of drafting its answer to the individual allegations in an orderly fashion excessively difficult." *Lopez v. IBM Corp.*, No. 04-cv-1246, 2005 WL 1228725, at *1 (M.D. Fla. 2005).

Because the Complaint fails to comply with the requirements of Rules 8(a) and 10(b), it should be dismissed.  Any amended pleading should "include a section that sets forth each cause of action and the factual basis therefor." *Powers*, 2015 WL 5188714 at *4.  All allegations should be pleaded in separate, numbered paragraphs, which should be limited as far as practicable to a statement of a single set of circumstances.  *See Lopez*, 2005 WL 1228725, at *1

## VI.     CONCLUSION

For the foregoing reasons, Defendant Collins respectfully requests that the Court grant his motion and dismiss the Complaint for failure to exhaust Plaintiff's administrative remedies.

DATED: June 15, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*s/ Pamela T. Johann*
PAMELA T. JOHANN
Assistant United States Attorney

Attorneys for Defendant DOUGLAS A. COLLINS